UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MITCHELL A. HARRIS,

    Plaintiff,

v.                                Case No. 3:21-cv-353-MMH-MCR

CORIZON OF FLORIDA, LLC, et al.,

    Defendants.
_____

## **ORDER**

1. Plaintiff has paid the $402.00 filing fee in this case; therefore, he is not proceeding <u>in forma pauperis</u> and he is responsible for service of process upon the Defendants. Rule 4(m) of the Federal Rules of Civil Procedure states:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

The Court will sua sponte extend the time Plaintiff has to perfect service on Defendants.[1] Therefore, all Defendants must be served by **August 23, 2021**. Accordingly, by **August 30, 2021**, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service upon each Defendant. Failure to provide proof of proper service for a particular Defendant or failure to show good cause for the failure to effect service within the time allotted will result in the **dismissal** of that Defendant from this action **without further notice**.

The Court's "Guide for Proceeding Without a Lawyer" explains the service of process requirement:

> Service of process is the procedure used to notify a defendant of the lawsuit. Because it is fair and important for someone to have an opportunity to respond to allegations and defend against claims, service is required by law, is exacting, and must be done in one of several specific ways. If service is not done according to the law, the court may dismiss your complaint. Rule 4 of the Federal Rules of Civil Procedure states the requirements for service. (Note that Rule 4 includes special requirements for service when suing the United States, one of its agencies, or one of its employees.)
>
> If you are the one suing, you must fill out summons forms (one for each defendant) and present them to the clerk's office, where a clerk will sign them and stamp

---

[1] Plaintiff's Complaint was filed with the Court on March 31, 2021. Under the Rules, Plaintiff's deadline to serve Defendants is June 29, 2021. Given Plaintiff's pro se status and incarceration, the Court finds good cause to extend the deadline.

them with the court's seal. From there, you will need a copy of each official summons (the one with the clerk's signature and seal) and a copy of the complaint and any of its attachments (one copy for each defendant). You must serve those documents on each defendant within 90 days of filing the complaint or risk dismissal of your case. . . . [T]o serve a defendant with a complaint:

**Personal Service.** You can tell someone else to personally deliver or serve the copies. The server must be older than 18 and may not be a party in the case. The server must then complete and sign the back of the original summons form and return it to you so you can file it with the court. That is called the return of service. It is proof to the court that the defendant knows about the case.

**Waiver of Service**. A defendant may waive service, which means the defendant agrees to respond to the complaint even though you did not personally serve the defendant with the complaint and summons. . . .

Once you have completed [the waiver-of-service] forms, you can mail them to each defendant with a copy of the complaint and any of its attachments. If the defendant completes the form and either you or the defendant returns it to the court, you do not have to complete personal service of process.

2. Before counsel has appeared for Defendants, Plaintiff must provide Defendants with a copy of every further paper submitted to be filed. After counsel has appeared for Defendants, the copy must be sent directly to counsel for Defendants rather than to Defendants personally. Plaintiff must include with each paper a certificate stating the date that an accurate copy of

3

the paper was mailed to Defendants or counsel for Defendants. The Court will strike any paper submitted to be filed and considered by the Court that does not include a certificate of service upon Defendants or counsel for Defendants.

3. Plaintiff must let the Court know about any change of address. He must include the address change and effective date in the document entitled, "Notice to the Court of Change of Address." He should not include any other requests or motions in the notice. A plaintiff's failure to keep the Court apprised of a current address results in plaintiff's failure to timely respond to Court orders. Such failure will not be excused and may result in a dismissal for failure to prosecute.

4. The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and submit a table of contents or index (with a title, description, and date of each document).[2] The Court will strike and return any exhibits that do not comply with these requirements.

5. If Defendants file a motion to dismiss, Plaintiff has **45 days** to respond. Plaintiff must timely respond to any motion to dismiss. **Plaintiff is cautioned that the granting of a motion to dismiss would be an adjudication of the claim and could foreclose any subsequent**

---

[2] The Court requires the complete transcript of any deposition submitted as an exhibit.

**litigation of the matter**. If Defendants file a motion to dismiss supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff will have **45 days** to respond. Plaintiff must timely respond to any motion to dismiss that the Court construes as a motion for summary judgment.

6. If Defendants file a motion for summary judgment, Plaintiff has **45 days** to respond. Plaintiff must timely respond to any motion for summary judgment. **Plaintiff is cautioned that the granting of a motion for summary judgment would be an adjudication of the claim and could foreclose any subsequent litigation of the matter**.

In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should review Federal Rule of Civil Procedure 56. Rule 56 provides that when a motion for summary judgment is supported by affidavits or other documents, the party opposing the motion may not depend upon mere allegations in his pleadings to counter it. The party opposing the motion must respond with counter sworn affidavits or other documents to set forth facts showing there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the Rule 56 requirements, the Court may declare as true the facts in the affidavits or other documents

supporting the motion and that there is no genuine issue of material fact in dispute. If that happens, (a) the party or parties who filed the motion would be entitled to have the motion granted and final judgment entered in his or their favor based on the pleadings, affidavits, and other documents, (b) there would be no trial, and (c) the case would be terminated.

7. Plaintiff may file a motion for voluntary dismissal of the case at any time if he decides that he does not want to pursue it. He should consider the running of the statute of limitations in making his decision.

8. The **Clerk** shall send to Plaintiff a notice of a lawsuit and request to waive service of a summons form (AO 398), a waiver of the service of summons form (AO 399), and a blank summons.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of June, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

caw 5/24
c:
Mitchell A. Harris, #A50605